17-921-bk
*In re Townsend*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
           SUSAN L. CARNEY,
                    *Circuit Judges.*

---

IN RE: RAYMOND A. TOWNSEND,

            *Debtor.*

RAYMOND A. TOWNSEND,

            *Defendant-Appellant,*                    17-921-bk

                 v.

GERALYN GANCI,

            *Plaintiff-Appellee.*

---

**FOR DEFENDANT-APPELLANT:**          Raymond A. Townsend, *pro se*,
                                       Whitestone, NY.


**FOR PLAINTIFF-APPELLEE:**           No Appearance.

1

Appeal from a March 3, 2017 judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and it hereby is, **AFFIRMED**.

Defendant-Appellant Raymond A. Townsend ("Townsend") appeals the District Court's decision to affirm a May 16, 2016 order of the United States Bankruptcy Court for the Eastern District of New York holding that his debt to Plaintiff-Appellee was nondischargeable under 11 U.S.C. § 523(a)(6). On appeal, Townsend argues that the District Court erred by concluding that his debt was nondischargeable and that the District Court impermissibly relied on certain facts not specifically stated by the jury on the verdict sheet.

Townsend's first argument is meritless for the reasons given by the District Court. *See* Memorandum and Order at 5–7, *Townsend v. Ganci*, No. 16-CV-2814 (JFB) (E.D.N.Y. Feb. 27, 2017), ECF No. 9. His second argument is meritless because we are unable to conclude that the District Court relied in its Memorandum and Order of February 27, 2017 on any facts not found by the jury. The District Court was entitled to take judicial notice of the jury instructions given in the earlier proceeding in order to determine the parameters of the jury's findings on the verdict sheet. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings.").

We therefore **AFFIRM** the March 3, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk